**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| PATRICIA WYNN,<br>Plaintiff | ) |
| | ) CIVIL ACTION<br>) FILE NO. |
| vs. | ) 4:08-CV-106-HLM-WEJ |
| PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>Defendant | ) **JURY TRIAL DEMANDED**<br>) |

**AMENDED COMPLAINT**

Plaintiff Patricia Wynn, by and through counsel, brings this amended action against Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio Recovery") on the grounds and in the amounts set forth herein.

## I. PRELIMINARY STATEMENT

1. This action seeks redress for Portfolio Recovery's violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692, *et seq.* in connection with the collection of a consumer debt.

## II. PARTIES

2. Plaintiff Patricia Wynn is a natural person and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant Portfolio Recovery is a Limited Liability Company engaged in the business of collecting debts in the state of Georgia, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

4. Defendant Portfolio Recovery is engaged in the collection of debts from consumers using the mail and telephone.

5. Defendant Portfolio Recovery regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant Portfolio Recovery is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

8. Venue in this District is proper in that Defendant Portfolio Recovery transacts business here.

## IV. FACTUAL ALLEGATIONS

9. The Defendant was engaged in the collection of a consumer purpose debt allegedly owed to Sears Roebuck & Co. (hereinafter "debt" or "credit card").

10. Plaintiff opened a credit card account with Sears Roebuck & Co. for her personal and household use.

11. Upon information and belief, Plaintiff's credit card went into default in January 2006.

12. Plaintiff's default credit card was assigned to Defendant Portfolio Recovery for collection in December 2007.

13. On or about March 4, 2008, Defendant Portfolio Recovery mailed the Plaintiff an initial communication letter in an attempt to collect the debt.

14. Defendant Portfolio Recovery's March 4, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,070.14.

15. The balance owed on the debt as of March 4, 2008 was less than the $3,070.14 balance stated in the Defendant's March 4, 2008 letter to the Plaintiff.

16. Defendant Portfolio Recovery's March 4, 2008 letter to the Plaintiff inaccurately states the balance owed on the debt and therefore violates FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

17. On or about March 20, 2008, Defendant Portfolio Recovery mailed the Plaintiff another letter in an attempt to collect the debt.

18. Defendant Portfolio Recovery's March 20, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,079.42.

19. The balance owed on the debt as of March 20, 2008 was less than the $3,079.42 balance stated in the Defendant's March 20, 2008 letter to the Plaintiff.

20. Defendant Portfolio Recovery's March 20, 2008 letter to the Plaintiff inaccurately states the balance owed on the debt and therefore violates FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

21. On or about March 26, 2008, Defendant Portfolio Recovery mailed the Plaintiff another letter in an attempt to collect the debt.

22. Defendant Portfolio Recovery's March 26, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,083.48.

23. The balance owed on the debt as of March 26, 2008 was less than the $3,083.48 balance stated in the Defendant's March 26, 2008 letter to the Plaintiff.

24. Defendant Portfolio Recovery's March 26, 2008 letter to the Plaintiff inaccurately states the balance owed on the debt and therefore violates FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

25. On or about April 30, 2008, Frederick J. Hanna & Associates, P.C. mailed the Plaintiff an initial communication letter in an attempt to collect the debt.

26. Frederick J. Hanna & Associates, P.C.'s April 30, 2008 letter to the Plaintiff stated it was in regards to Portfolio Recovery Associates LLC Assignee of Sears.

27. Frederick J. Hanna & Associates, P.C.'s April 30, 2008 letter to the Plaintiff stated that the balance owed on the debt was $3,026.61.

28. On or about May 4, 2008, Plaintiff mailed Frederick J. Hanna & Associates, P.C. a letter disputing the debt and requesting verification of the debt.

29. Upon information and belief, Frederick J. Hanna & Associates, P.C. received the Plaintiff's May 4, 2008 letter.

30. On or about May 14, 2008, Frederick J. Hanna & Associates, P.C. mailed the Plaintiff a letter in response to the request for validation of the debt.

31. Frederick J. Hanna & Associates, P.C.'s verification of the debt stated that "Our client has verified the balance of $3,034.74 to be true, correct, and still owing at this time."

32. On June 2, 2008, Portfolio Recovery filed suit against the Plaintiff in the Superior Court for the County of Chattooga, State of Georgia in an attempt to collect the debt.

33. Portfolio Recovery's June 2, 2008 Complaint against the Plaintiff stated that the balance owed on the debt was $3,026.03 as principal and $16.83 as interest, totaling $3,042.86.

34. Plaintiff's last payment on the debt was December 21, 2007.

35. Plaintiff has not made any payments on the debt in 2008.

36. Defendant Portfolio Recovery's March 4, 2008 letter to the Plaintiff was deceptive, false, and/or misleading.

37. Defendant Portfolio Recovery's March 4, 2008 letter to the Plaintiff was an unfair and/or unconscionable means to attempt to collect the debt.

38. Defendant Portfolio Recovery's March 20, 2008 letter to the Plaintiff was deceptive, false, and/or misleading.

39. Defendant Portfolio Recovery's March 20, 2008 letter to the Plaintiff was an unfair and/or unconscionable means to attempt to collect the debt.

40. Defendant Portfolio Recovery's March 26, 2008 letter to the Plaintiff was deceptive, false, and/or misleading.

41. Defendant Portfolio Recovery's March 26, 2008 letter to the Plaintiff was an unfair and/or unconscionable means to attempt to collect the debt.

42. Plaintiff has suffered actual damages as a result of these collection communications in the form of anger, anxiety, frustration, and emotional distress.

## V. CAUSES OF ACTION

43. Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692e.

44. Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692e(2)(A).

45. Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. §1692e(10).

46. Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692f.

47. Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692f(1).

48. As a result of the foregoing violations of the FDCPA, Defendant Portfolio Recovery is liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patricia Wynn prays that judgment be entered against Defendant Portfolio Recovery Associates, LLC for the following:

A. Award Plaintiff actual damages;

B. Award Plaintiff statutory damages of $1,000.00;

C. Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

D. Such other and further relief that the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a Trial by Jury on all Issues.

Dated: September 23, 2008.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: s/Lisa D. Wright
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| PATRICIA WYNN, | ) |
| Plaintiff | ) |
| | ) CIVIL ACTION |
| | ) FILE NO. |
| vs. | ) 4:08-CV-106-HLM-WEJ |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically served Defendant Portfolio Recovery Associates, LLC with the Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mr. John Bedard, Jr., Esquire
Ms. Suzanne Haley, Esquire

Dated: September 23, 2008.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: s/Lisa D. Wright
Lisa D. Wright
Georgia State Bar No. 268781
Attorney for Plaintiff

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net