**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PATRICIA WYNN,<br>    Plaintiff<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>    Defendant | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>) 4:08-CV-106-HLM-WEJ<br>)<br>) |

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

**1.   Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff contends that Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio Recovery") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

The Defendant was engaged in the collection of a consumer purpose debt allegedly owed to Sears Roebuck & Co. (hereinafter "debt" or "credit card"). Plaintiff opened a credit card account with Sears Roebuck & Co. for her personal

1

and household use.  Upon information and belief, Plaintiff's credit card went into default in January 2006.

Plaintiff's defaulted credit card was assigned to Defendant Portfolio Recovery for collection in December 2007.  On or about March 4, 2008, Defendant Portfolio Recovery mailed the Plaintiff an initial communication letter in an attempt to collect the debt.  Defendant Portfolio Recovery's March 4, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,070.14.

On or about March 20, 2008, Defendant Portfolio Recovery mailed the Plaintiff another letter in an attempt to collect the debt.  Defendant Portfolio Recovery's March 20, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,079.42.

On or about March 26, 2008, Defendant Portfolio Recovery mailed the Plaintiff another letter in an attempt to collect the debt.  Defendant Portfolio Recovery's March 26, 2008 letter to the Plaintiff stated that the balance due on the debt was $3,083.48.

On or about April 30, 2008, Frederick J. Hanna & Associates, P.C. mailed the Plaintiff an initial communication letter in an attempt to collect the debt.  Frederick J. Hanna & Associates, P.C.'s April 30, 2008 letter to the Plaintiff stated it was in regards to Portfolio Recovery Associates LLC Assignee of Sears.

Frederick J. Hanna & Associates, P.C.'s April 30, 2008 letter to the Plaintiff stated that the balance owed on the debt was $3,026.61.

On or about May 4, 2008, Plaintiff mailed Frederick J. Hanna & Associates, P.C. a letter disputing the debt and requesting verification of the debt. Upon information and belief, Frederick J. Hanna & Associates, P.C. received the Plaintiff's May 4, 2008 letter. On or about May 14, 2008, Frederick J. Hanna & Associates, P.C. mailed the Plaintiff a letter in response to the request for validation of the debt. Frederick J. Hanna & Associates, P.C.'s verification of the debt stated that "Our client has verified the balance of $3,034.74 to be true, correct, and still owing at this time."

On June 2, 2008, Portfolio Recovery filed suit against the Plaintiff in the Superior Court for the County of Chattooga, State of Georgia in an attempt to collect the debt. Portfolio Recovery's June 2, 2008 Complaint against the Plaintiff stated that the balance owed on the debt was $3,026.03 as principal and $16.83 as interest, totaling $3,042.86.

**Defendant's Summary:**

Defendant attempted to collect from Plaintiff a debt owed by Plaintiff on a Sears Mastercard. In its attempts to collect this debt, Defendant sent at least one letter to Plaintiff and made at least one phone call to Plaintiff. Plaintiff also placed

at least one phone call to Defendant regarding Defendant's attempts to collect the debt.

**(c) The legal issues to be tried are as follows:**

    **For Plaintiff:**

1. Whether Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692e;

2. Whether Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692e(2)(A);

3. Whether Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692e(10);

4. Whether Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1692f;

5. Whether Defendant Portfolio Recovery violated the FDCPA, 15 U.S.C. § 1962f(1);

6. Whether Plaintiff is entitled to an award of actual damages against Defendant Portfolio Recovery, pursuant to FDCPA, 15 U.S.C. § 1692k;

7. The amount of actual damages Plaintiff is entitled to from Defendant Portfolio Recovery, pursuant to FDCPA, 15 U.S.C. § 1692k;

8. Whether Plaintiff is entitled to an award of statutory damages against Defendant Portfolio Recovery, pursuant to FDCPA, 15 U.S.C. § 1692k; and

9. The amount of statutory damages Plaintiff is entitled to from Defendant Portfolio Recovery, pursuant to FDPCA, 15 U.S.C. § 1692k.

**For Defendant:** (In addition to the issues identified above.)

1. See those issues identified by Plaintiff.

2. Whether Plaintiff has suffered actual damages in the form of emotional distress.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

\_\_\_ **(1) Unusually large number of parties**

   ___ **(2) Unusually large number of claims or defenses**

   ___ **(3) Factual issues are exceptionally complex**

   ___ **(4) Greater than normal volume of evidence**

   ___ **(5) Extended discovery period is needed**

   ___ **(6) Problems locating or preserving evidence**

   ___ **(7) Pending parallel investigations or action by the government**

   ___ **(8) Multiple use of experts**

   ___ **(9) Need for discovery outside United States boundaries**

   ___ **(10) Existence of highly technical issues and proof**

**3.**  **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

  Plaintiff:      Lisa D. Wright, Esquire
            Law Office of Lisa D. Wright, LLC
            235 Peachtree Street, NE, Suite 888
            Atlanta, Georgia 30303
            404-588-1181 (Telephone)
            404-588-1182 (Facsimile)

  Defendant:      John Bedard, Jr., Esquire
            Keary Floyd, Esquire
            Franzen & Salzano, P.C.
            40 Technology Parkway South, Suite 202
            Norcross, Georgia 30092
            770-248-2885 (Telephone)

        770-248-2883 (Facsimile)
        jbedard@franzen-salzano.com
        kfloyd@franzen-salzano.com

**4.**   **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___Yes   X   No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.**   **Parties to This Action:**

  **(a) The following persons are necessary parties who have not been joined:**

  None.

  **(b) The following persons are improperly joined as parties:**

  None.

  **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

  None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing**

**party has obtained prior permission of the Court to file later.  Local Rule**

**7.1A(2).**

    **(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.**

    **(b) *Summary Judgment Motions:*  within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

    **(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

    **(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

    **The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection.**

    The parties do not object to serving initial disclosures.

**9.    Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

10. **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>**Plaintiff**</u>**:**

The allegations contained in Plaintiff's Complaint; defenses asserted by the Defendants; and information regarding the Defendants policies and procedures for compliance with the Fair Debt Collection Practices Act.

**<u>Defendant</u>:**

The allegations contained in Plaintiff's Complaint; Plaintiff's mental health history; whether Plaintiff has other outstanding debts that she may be receiving collection communications on.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

None.  Discovery shall end on March 9, 2009.

**11.   Discovery Limitations**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

None at this time.

**13. Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>October 29, 2007</u>, and that they participated in settlement discussions.**

    **For Plaintiff:**    Lead counsel (signature):

                        <u>s/Lisa D. Wright</u>
                        Lisa D. Wright, Esquire

    **For Defendant:**    s/ Keary Floyd
                        Keary Floyd, Esquire

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed**.

(__) **No possibility of settlement**.

**(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14.  Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

**(b) The parties (   X   ) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: November 11, 2008

LAW OFFICE OF LISA D. WRIGHT, LLC

By:   s/Lisa D. Wright
      Lisa D. Wright
      Georgia Bar No. 268781
      Attorney for Plaintiff

235 Peachtree Street, N.E., Suite 888
Atlanta, Georgia 30303
Telephone: 404-588-1181
Telecopier: 404-588-1182

attorneywright@prodigy.net

FRANZEN & SALZANO, P.C.

By: <u>s/ Keary Floyd</u>
    Keary Floyd
    Georgia Bar No. 142398
    John Bedard, Jr.
    Georgia Bar No. 043473
    Attorneys for Defendant Portfolio Recovery Associates, LLC

40 Technology Parkway South, Suite 202
Norcross, Georgia 30092
Telephone:  770-248-2885
Telecopier: 770-248-2883
jbedard@franzen-salzano.com
kfloyd@franzen-salzano.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| PATRICIA WYNN,<br>    Plaintiff | )<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>) 4:08-CV-106-HLM-WEJ<br>)<br>) |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>    Defendant | |

**\* \* \* \* \***
**SCHEDULING ORDER**

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified: Discovery shall end March 9, 2009.

**IT IS SO ORDERED, this _____ day of _____, 2008.**

_____
**UNITED STATES DISTRICT JUDGE**